IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PFIZER INC., WYETH LLC, PFIZER PHARMACEUTICALS LLC, PF PRISM C.V. and PFIZER MANUFACTURING HOLDINGS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MYLAN INC., AGILA SPECIALTIES PRIVATE LTD. and MYLAN PHARMACEUTICALS INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. 15-26 (SLR) ) ) ) ) ) ) |

# [PROPOSED] CASE SCHEDULING ORDER[1]

At Wilmington this ___ day of April, 2015, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the Court's order for a scheduling conference; and the Court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

---

[1] Defendants respectfully submit that this [Proposed] Case Scheduling Order is premature in view of their pending Motion to Dismiss and should not be entered until the Court has had the opportunity to consider the fully-briefed Motion. Defendants participate in this submission only to the extent they are required to comply with this Court's March 9, 2015, Patent Case Order for Scheduling. In preparing the [Proposed] Case Scheduling Order and proceeding with this case, Mylan does not waive and will not waive its objections to personal jurisdiction, its arguments that this Court lacks personal jurisdiction, or its motion seeking dismissal for lack of personal jurisdiction.

Plaintiffs respectfully disagree that this Order is premature or that Defendants are not subject to personal jurisdiction in this District, and reserve all rights to argue waiver based on any facts in this matter.

1. **Fact Discovery.**

(a) All fact discovery shall be commenced in time to be completed by **April 15, 2016**.

(b) **Management**. Consistent with this order and the Court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b) **Initial Disclosures.**[2] Absent agreement among the parties:

(1) The parties shall exchange initial disclosures pursuant to Fed. R. Civ. Pr. 26(a)(1) by **May 15, 2015**.

(2) On or before **May 15, 2015**, plaintiffs shall identify the accused product(s), as well as the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiffs shall produce the file history for each asserted patent.

(3) On or before **June 15, 2015**, defendants shall produce to plaintiffs the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.

(4) The Magistrate Judge shall conduct a status conference to ensure that the initial exchanges have been meaningful.

(5) On or before **July 15, 2015**, plaintiffs shall produce to defendants initial infringement contentions (including a claim chart) relating each known accused product to the asserted claims each such product allegedly infringes.

---

[2] The Court recognizes that the initial disclosure process contemplated herein has already taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.

(6) On or before **August 14, 2015**, defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(7) As these disclosures are "initial," each party shall be permitted to supplement.

(d) **Document production.**

(1) Discovery of paper and electronic documents shall be completed on or before **December 15, 2015**.

(e) **Depositions.**

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be scheduled prior to the completion of document production.

(2) The number of depositions (and any other issues related to depositions) shall be addressed by the Magistrate Judge no later than the completion of document production.

(f) **Written Discovery.**

(1) Maximum of **25** interrogatories by each party to any other party.

(2) Final infringement contentions[3] shall be due on or before **March 18, 2016**.

(3) Final invalidity contentions shall be due on or before **April 1, 2016**.

---

3     The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

    (4) Maximum of **25** requests for admission by each side to any other side, excluding requests for authentication.

  (g) **Supplementation.** No later than **April 22, 2016**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

 2. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and/or to amend pleadings shall be filed on or before **April 1, 2016**.

 3. **Willfulness.** Willfulness has not been asserted in this case.

 4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[4] for the purposes of exploring ADR.

 5. **Claim Construction.**[5]

  (a) The parties shall exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **October 21, 2015**. This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph (b) below.

  (b) The parties shall agree upon and file a Joint Claim Construction Statement on **November 6, 2015**. For any contested claim limitation, each party must submit a proposed construction.[6]

---

[4] The Court may also refer ADR to a Special Master.

[5] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

[6] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

    (c)    Plaintiffs shall serve and file their opening brief on claim construction on or before **December 16, 2015**.

    (d)    Defendants shall serve and file their answering claim construction brief on or before **January 22, 2016**.

    (e)    Plaintiffs shall serve and file their reply brief on or before **February 22, 2016**.

    (f)    Defendants shall serve and file their surreply brief on or before **March 23, 2016**.

    (g)    The Court shall conduct a hearing on claim construction on **April 8, 2016, at 9:30 a.m.**[7]

    (h)    The Court shall issue its decision on claim construction on or before **May 10, 2016**.

    (i)    The Court shall thereafter conduct a status conference on **May 26, 2016, at 4:30 p.m.**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6.    **Expert Discovery.**

    (a)    All expert discovery shall be commenced in time to be completed by **September 30, 2016**.

    (b)    Expert reports on issues for which the parties have the burden of proof shall be served on **May 27, 2016**. Rebuttal expert reports shall be served on **July 15, 2016**. Reply expert reports shall be served on **August 12, 2016**.

---

[7]    Unless otherwise directed, the Court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

(c) Expert depositions are limited to a maximum of **7 hours**, absent agreement of the parties or order of the Court.

(d) The Court shall conduct an in-person status conference if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the Court at this conference and the Court deems a motion practice appropriate.

7. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

8. **Motion Practice.**

(a) All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b) All other motions shall be referred, if at all, on an individualized basis.

(c) There being no issues triable to a jury in this case at this time, absent an order of the Court, no summary judgment motions may be filed.

9. **Communications with the Court.**

(a) Absent express approval by the Court, any application to the Court for relief shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the Court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

10. **Motions in Limine.** No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference shall be held on **November 29, 2016 at 4:30 p.m.** The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for a five day bench trial commencing on **December 12, 2016**. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

_____
United States District Judge

**Attachment A:  The Parties' Agreed-Upon Schedule**

| Event | Date |
| --- | --- |
| Initial disclosures | May 15, 2015 |
| Plaintiffs identify accused product and produce file histories | May 15, 2015 |
| Defendants produce core technical documents | June 15, 2015 |
| Initial infringement contentions due | July 15, 2015 |
| Initial invalidity contentions due | August 14, 2015 |
| Exchange list of claim terms for construction | October 21, 2015 |
| Joint claim construction statement due | November 6, 2015 |
| Completion of document production | December 15, 2015 |
| Filing by plaintiffs of opening claim construction brief | December 16, 2015 |
| Filing by defendants of answering claim construction brief | January 22, 2016 |
| Filing by plaintiffs of reply claim construction brief | February 22, 2016 |
| Final infringement contentions | March 18, 2016 |
| Filing by defendants of surreply claim construction brief | March 23, 2016 |
| Final invalidity contentions | April 1, 2016 |
| Deadline to join parties or amend pleadings | April 1, 2016 |
| Markman hearing | April 8, 2016 at 9:30 a.m. |
| Fact discovery cutoff | April 15, 2016 |

2

| Event | Date |
|---|---|
| Deadline for Markman order | May 10, 2016 |
| Markman Status Conference | May 26, 2016 at 4:30 p.m. |
| Opening expert reports due | May 27, 2016 |
| Rebuttal expert reports due | July 15, 2016 |
| Reply expert reports due | August 12, 2016 |
| Expert discovery cutoff | September 30, 2016 |
| Pretrial conference | November 29, 2016 |
| Trial | December 12, 2016 |